1  COOLEY LLP
   WILLIAM P. DONOVAN, JR. (155881)
2  (wdonovan@cooley.com)
   1333 2nd Street, Suite 400
3  Santa Monica, CA  90401
   Telephone:  (310) 883-6400
4  Facsimile:   (310) 883-6500

5  WAYNE STACY (*appearing pro hac vice*)
6  (wstacy@cooley.com)
   380 Interlocken Crescent, Suite 900
7  Broomfield, CO 80021-8023
   Telephone:  (720) 566-4125
8  Facsimile:   (720) 566-4099

9  PRIYA B. VISWANATH (238089)
10 (pviswanath@cooley.com)
   3175 Hanover Street
11 Palo Alto, CA  94304-1130
   Telephone:  (650) 843-5000
12 Facsimile:   (650) 849-7400

13 Attorneys for Plaintiff
   TMC AEROSPACE, INC.
14

15              UNITED STATES DISTRICT COURT

16            CENTRAL DISTRICT OF CALIFORNIA

17                  WESTERN DIVISION

18 TMC AEROSPACE, INC.,                  Case No. 2:15-cv-07595-AB (CFE)

19              Plaintiff,

20         v.                            **STIPULATED [~~PROPOSED~~]
                                         PROTECTIVE ORDER**
21 ELBIT SYSTEMS LIMITED, and
   ELBIT SYSTEMS OF AMERICA              **JURY TRIAL DEMANDED**
22 LLC,

23              Defendant.               Honorable Andre Birotte Jr., Judge
                                         Presiding
24
                                         Honorable Charles F. Eick,
25                                       Magistrate Judge

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

Pursuant to the Joint 26(f) Report, the parties stipulate to the following protective order.

## 1.   GOOD CAUSE STATEMENT

### A.   Purposes and Limitations

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### B.   Good Cause Statement

This action involves claims for patent infringement and misappropriation of trade secrets.   The parties to this case are in the business of manufacturing, marketing, and selling aerospace equipment.   The technology in this case involves de-icing systems for unmanned automated vehicles.   Because of the confidential, proprietary and/or trade secret nature of the technologies at issue, discovery in this action includes alleged trade secrets which are at issue in this dispute, confidential technical designs, manufacturing processes, and other confidential research, development, and designs for which special protection from public disclosure and use for any purpose other than prosecution of this action is warranted.   In addition,

1    other confidential and proprietary business and financial information such as

2    information regarding technical designs and manufacturing processes,

3    manufacturing agreements, and other similar information, are confidential and must

4    be protected from disclosure, and with highly sensitive information, safeguards are

5    necessary to limit the disclosure of such information to competitors in the market so

6    as to avoid competitive harm.

7    **2.**    **DEFINITIONS**

8        2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the

9    designation of information or items under this Order.

10        2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

11    how it is generated, stored or maintained) or tangible things that qualify for

12    protection under Federal Rule of Civil Procedure 26(c).

13        2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House

14    Counsel (as well as their support staff).

15        2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or

16    items that it produces in disclosures or in responses to discovery as

17    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18    ONLY".

19        2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless

20    of the medium or manner in which it is generated, stored, or maintained (including,

21    among other things, testimony, transcripts, and tangible things), that are produced

22    or generated in disclosures or responses to discovery in this matter.

23        2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter

24    pertinent to the litigation who (1) has been retained by a Party or its counsel to

25    serve as an expert witness or as a consultant in this action, (2) is not a past or

26    current employee of a Party or of a Party's competitor, and (3) at the time of

27    retention, is not anticipated to become an employee of a Party or of a Party's

28    competitor.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2.7  <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>
<u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8  <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11  <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under

1    this Order must take care to limit any such designation to specific material that

2    qualifies under the appropriate standards. To the extent it is practical to do so, the

3    Designating Party must designate for protection only those parts of material,

4    documents, items, or oral or written communications that qualify – so that other

5    portions of the material, documents, items, or communications for which protection

6    is not warranted are not swept unjustifiably within the ambit of this Order.

7        Mass, indiscriminate, or routinized designations are prohibited. Designations

8    that are shown to be clearly unjustified or that have been made for an improper

9    purpose (e.g., to unnecessarily encumber or retard the case development process or

10    to impose unnecessary expenses and burdens on other parties) expose the

11    Designating Party to sanctions.

12        If it comes to a Designating Party's attention that information or items that it

13    designated for protection do not qualify for protection at all or do not qualify for the

14    level of protection initially asserted, that Designating Party must promptly notify all

15    other parties that it is withdrawing the mistaken designation.

16        5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in

17    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

18    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

19    under this Order must be clearly so designated before the material is disclosed or

20    produced.

21        Designation in conformity with this Order requires:

22        (a) <u>for information in documentary form</u> (e.g., paper or electronic documents,

23    but excluding transcripts of depositions or other pretrial or trial proceedings), that

24    the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY

25    CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains

26    protected material.

27        A Party or Non-Party that makes original documents or materials available

28    for inspection need not designate them for protection until after the inspecting Party

has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

1    proceedings. The use of a document as an exhibit at a deposition shall not in any

2    way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

3    – ATTORNEYS' EYES ONLY."

4         Transcripts containing Protected Material shall have an obvious legend on

5    the title page that the transcript contains Protected Material, and the title page shall

6    be followed by a list of all pages (including line numbers as appropriate) that have

7    been designated as Protected Material and the level of protection being asserted by

8    the Designating Party. The Designating Party shall inform the court reporter of

9    these requirements. Any transcript that is prepared before the expiration of a 21-day

10   period for designation shall be treated during that period as if it had been designated

11   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

12   otherwise agreed. After the expiration of that period, the transcript shall be treated

13   only as actually designated.

14        (c) <u>for information produced in some form other than documentary and for</u>

15   <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the

16   exterior of the container or containers in which the information or item is stored the

17   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

18   EYES ONLY". If only a portion or portions of the information or item warrant

19   protection, the Producing Party, to the extent practicable, shall identify the

20   protected portion(s) and specify the level of protection being asserted.

21        5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

22   failure to designate qualified information or items does not, standing alone, waive

23   the Designating Party's right to secure protection under this Order for such

24   material. Upon timely correction of a designation, the Receiving Party must make

25   reasonable efforts to assure that the material is treated in accordance with the

26   provisions of this Order.

27   **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

28        6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a

1   competent declaration affirming that the movant has complied with the meet-and-
2   confer requirements imposed in the preceding paragraph. Failure by the
3   Designating Party to make such a motion, including the required declaration, within
4   21 days (or 14 days, if applicable) shall automatically waive the confidentiality
5   designation for each challenged designation. In addition, the Challenging Party may
6   file a motion challenging a confidentiality designation at any time if there is good
7   cause for doing so, including a challenge to the designation of a deposition
8   transcript or any portions thereof. Any motion brought pursuant to this provision
9   must be accompanied by a competent declaration affirming that the movant has
10   complied with the meet-and-confer requirements imposed by the preceding
11   paragraph.

12      The burden of persuasion in any such challenge proceeding shall be on the
13   Designating Party. Frivolous challenges and those made for an improper purpose
14   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
15   expose the Challenging Party to sanctions. Unless the Designating Party has waived
16   the confidentiality designation by failing to file a motion to retain confidentiality as
17   described above, all parties shall continue to afford the material in question the
18   level of protection to which it is entitled under the Producing Party's designation
19   until the Court rules on the challenge.

20   **7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

21      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
22   disclosed or produced by another Party or by a Non-Party in connection with this
23   case only for prosecuting, defending, or attempting to settle this litigation. Such
24   Protected Material may be disclosed only to the categories of persons and under the
25   conditions described in this Order. When the litigation has been terminated, a
26   Receiving Party must comply with the provisions of section 15 below (FINAL
27   DISPOSITION).

28      Protected Material must be stored and maintained by a Receiving Party at a

1    location and in a secure manner[1] that ensures that access is limited to the persons

2    authorized under this Order.

3        7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

4    otherwise ordered by the Court or permitted in writing by the Designating Party, a

5    Receiving Party may disclose any information or item designated

6    "CONFIDENTIAL" only to:

7        (a) the Receiving Party's Outside Counsel of Record in this action, as well as

8    employees of said Outside Counsel of Record to whom it is reasonably necessary to

9    disclose the information for this litigation and who have signed the

10    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

11    A;

12        (b) the officers, directors, and employees (including House Counsel) of the

13    Receiving Party to whom disclosure is reasonably necessary for this litigation and

14    who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15        (c) Experts (as defined in this Order) of the Receiving Party to whom

16    disclosure is reasonably necessary for this litigation and who have signed the

17    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18        (d) the Court and its personnel;

19        (e) court reporters and their staff, professional jury or trial consultants, and

20    Professional Vendors to whom disclosure is reasonably necessary for this litigation

21    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

22    A);

23        (f) during their depositions, witnesses in the action to whom disclosure is

24    reasonably necessary and who have signed the "Acknowledgment and Agreement

25    to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or**

26

27    ---
[1] It may be appropriate under certain circumstances to require the Receiving Party

28    to store any electronic Protected Material in password-protected form.

1   **ordered by the Court**. Pages of transcribed deposition testimony or exhibits to

2   depositions that reveal Protected Material must be separately bound by the court

3   reporter and may not be disclosed to anyone except as permitted under this

4   Stipulated Protective Order.

5         (g) the author or recipient of a document containing the information or a

6   custodian or other person who otherwise possessed or knew the information.

7         7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8   ONLY" Information or Items. Unless otherwise ordered by the Court or permitted

9   in writing by the Designating Party, a Receiving Party may disclose any

10  information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

11  EYES ONLY" only to:

12        (a) the Receiving Party's Outside Counsel of Record in this action, as well as

13  employees of said Outside Counsel of Record to whom it is reasonably necessary to

14  disclose the information for this litigation and who have signed the

15  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

16  A;

17        (b) Experts of the Receiving Party (1) to whom disclosure is reasonably

18  necessary for this litigation, (2) who have signed the "Acknowledgment and

19  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth

20  in paragraph 7.4(a)(2), below, have been followed;

21        (c) the Court and its personnel;

22        (d) court reporters and their staff, professional jury or trial consultants, and

23  Professional Vendors to whom disclosure is reasonably necessary for this litigation

24  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

25  A); and

26        (e) the author or recipient of a document containing the information or a

27  custodian or other person who otherwise possessed or knew the information.

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[3]

(b) A Party that makes a request and provides the information specified in the

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[3] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

1   preceding respective paragraphs may disclose the subject Protected Material to the

2   identified Expert unless, within 14 days of delivering the request, the Party receives

3   a written objection from the Designating Party. Any such objection must set forth in

4   detail the grounds on which it is based.

5        (c) A Party that receives a timely written objection must meet and confer

6   with the Designating Party (through direct voice-to-voice dialogue) to try to resolve

7   the matter by agreement within seven days of the written objection. If no agreement

8   is reached, the Party seeking to make the disclosure to the Expert may file a motion

9   as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

10  applicable) seeking permission from the Court to do so. Any such motion must

11  describe the circumstances with specificity, set forth in detail the reasons why the

12  disclosure to the Expert is reasonably necessary, assess the risk of harm that the

13  disclosure would entail, and suggest any additional means that could be used to

14  reduce that risk. In addition, any such motion must be accompanied by a competent

15  declaration describing the parties' efforts to resolve the matter by agreement (i.e.,

16  the extent and the content of the meet-and-confer discussions) and setting forth the

17  reasons advanced by the Designating Party for its refusal to approve the disclosure.

18       In any such proceeding, the Party opposing disclosure to the Expert shall

19  bear the burden of proving that the risk of harm that the disclosure would entail

20  (under the safeguards proposed) outweighs the Receiving Party's need to disclose

21  the Protected Material to its Expert.

22  **8.    PROSECUTION BAR**

23       Absent written consent from the Producing Party, any individual who

24  receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

25  information shall not be involved in the prosecution of patents or patent

26  applications relating to de-icing technology, including without limitation the patents

27  asserted in this action and any patent or application claiming priority to or

28  otherwise related to the patents asserted in this action, before any foreign or

domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims, except in defense of a challenge to a patent. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, or *inter partes* review). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

## 9.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[4]

---

[4] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

subpoena or order issued.

3. make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[5] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 14.   MISCELLANEOUS

14.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material

1    at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

2    request establishing that the Protected Material at issue is privileged, protectable as

3    a trade secret, or otherwise entitled to protection under the law.    If a Receiving

4    Party's request to file Protected Material under seal pursuant to Local Rule 79-5.2-2

5    is denied by the court, then the Receiving Party may file the Protected Material in

6    the public record pursuant to Local Rule 79-5.2.2(b)(2) unless otherwise instructed

7    by the court.

8    **15.    FINAL DISPOSITION**

9          Within 60 days after the final disposition of this action, as defined in

10   paragraph 4, each Receiving Party must return all Protected Material to the

11   Producing Party or destroy such material. As used in this subdivision, "all Protected

12   Material" includes all copies, abstracts, compilations, summaries, and any other

13   format reproducing or capturing any of the Protected Material. Whether the

14   Protected Material is returned or destroyed, the Receiving Party must submit a

15   written certification to the Producing Party (and, if not the same person or entity, to

16   the Designating Party) by the 60-day deadline that (1) identifies (by category,

17   where appropriate) all the Protected Material that was returned or destroyed and

18   (2) affirms that the Receiving Party has not retained any copies, abstracts,

19   compilations, summaries or any other format reproducing or capturing any of the

20   Protected Material. Notwithstanding this provision, Counsel are entitled to retain

21   archival copies of all pleadings, motion papers, trial, deposition, and hearing

22   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

23   reports, attorney work product, and consultant and expert work product, even if

24   such materials contain Protected Material. Any such archival copies that contain or

25   constitute Protected Material remain subject to this Protective Order as set forth in

26   Section 4 (DURATION).

27          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

18.

Dated: April 8, 2016

Respectfully submitted,

**COOLEY LLP**

By:  /s/ Wayne Stacy

William P. Donovan, Jr. (155881)
(wdonovan@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:  (310) 883-6400
Facsimile:  (310) 883-6500

Wayne Stacy (*appearing pro hac vice*)
(wstacy@cooley.com)
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone: (720) 566-4125
Facsimile:  (720) 566-4099

Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:  (650) 843-5000
Facsimile:   (650) 849-7400

Attorneys for Plaintiff
TMC Aerospace, Inc.

1    Dated: April 8, 2016                          **PERKINS COIE LLP**

2

3

4                                                  By: /s/ Dennis C. Hopkins

5                                                  Dennis C. Hopkins (admitted *pro hac vice*)
                                                   30 Rockefeller Plaza, 22nd Floor
                                                   New York, NY 10112-0085
6                                                  Telephone: 212-262-6900
                                                   Facsimile: 212-977-1649
7                                                  Email: DHopkins@perkinscoie.com

8                                                  John P. Schnurer, Bar No. 185725
                                                   John D. Esterhay, Bar No. 282330
9                                                  11988 El Camino Real, Suite 350
                                                   San Diego, California 92130-2594
10                                                 Phone: 858-720-5700
                                                   Fax: 858-720-5799
11                                                 1888 Century Park E., Suite 1700
                                                   Los Angeles, California 90067-1721
12                                                 Phone: 310.788.9900
                                                   Email: JSchnurer@perkinscoie.com
13                                                 Email: JEsterhay@perkinscoie.com

14                                                 Attorneys for Defendant
                                                   Elbit Systems of America LLC
15

16

17   PURSUANT TO STIPULATION, IT IS SO ORDERED.

18

19   DATED: _4/8/16_                  _____

20                                                 Honorable Charles F. Eick
                                                   United States Magistrate Judge
21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ [date] in the case of *TMC Aerospace, Inc. v. Elbit Systems Limited,*

*et al.*, Case No. 2:15-cv-07595-AB (CFE). I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____